```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK

------------------------------X    Docket#
UNITED STATES OF AMERICA,     :    07-cr-368(ERK)(MDG)
                              :
    - versus -                :    U.S. Courthouse
                              :    Brooklyn, New York
RICHARDSON, et al.,           :
             Defendant        :    July 11, 2008
------------------------------X
```

   TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
         BEFORE THE HONORABLE EDWARD R. KORMAN
              UNITED STATES DISTRICT JUDGE

**A P P E A R A N C E S:**

| | |
|---|---|
| <u>For the Government</u>: | **Benton Campbell, Esq.**<br>United States Attorney |
| BY: | **Morris Fodeman, Esq.**<br>**Ashleigh Washington**<br>Assistant U.S. Attorney<br>225 Cadman Plaza East<br>Brooklyn, New York  11201 |
| <u>For Defendant Richardson</u>: | Susan Kellman, Esq. |
| <u>For Defendant Moore</u>: | Harry Batchelder, Jr., Esq. |
| <u>For Defendant Rountree</u>: | Bruce McIntyre, Esq. |
| <u>Official Transcriber</u>: | Rosalie Lombardi<br>        L.F. |
| <u>Transcription Service</u>: | **Transcription Plus II**<br>821 Whittier Avenue<br>New Hyde Park, N.Y.  11040<br>(516) 358-7352 |

~~Proceedings recorded by electronic sound-recording,~~

## Proceedings

1       THE CLERK:  United States of America v. Dayshen
2   Richardson, Charles Moore, Demiya Rountree.
3       Your appearances, counsel.
4       MR. FODEMAN:  Morris Fodeman and Ashleigh
5   Washington (phonetic) for the United States.
6       Good afternoon, Judge.
7       MS. KELLMAN:  Good afternoon, your Honor.
8       Susan Kellman for Dayshen Richardson.
9       MR. BATCHELDER:  Good afternoon, sir.
10      Harry C. Batchelder, Jr. for defendant Charles
11  Moore.
12      MR. McINTYRE:  Bruce McIntyre on behalf of
13  Mr. Rountree.
14      Good afternoon, your Honor.
15      THE CLERK:  Judge, the record should reflect
16  that the marshals contacted me this morning.
17  Mr. Richardson refused to come down for the call in the
18  bus.  Mr. Moore called in sick and was not brought over.
19  Your Honor did (inaudible).
20      Counsel?
21      MR. McINTYRE:  Judge?
22      MR. FODEMAN:  As you know, this case has been
23  pending for time.  I think it goes back to spring of
24  2007.  The defendants were three of six defendants
25  charged in a ten to life crack cocaine conspiracy case.

## Proceedings

1    As -- three of the defendants have pled guilty, these are
2    the remaining defendants.
3            It seems like the case may go to trial as to
4    one or two of the defendants.  Ms. Kellman filed
5    something on ECF yesterday seeking severance of certain
6    counts.  So maybe she can enlighten us further on that in
7    that regard.
8            MS. KELLMAN:  Your Honor, discussions with my
9    client in which he has communicated to me in the interest
10   of disposing of his case by plea which I think is a good
11   thing.  We have not been able to agree with the
12   government on exactly which counts he would plead to and
13   I've tried to outline in my motion for severance, the
14   counts that I understand my client would be prepared to
15   enter a plea to.  And what I was proposing to the Court
16   was the possibility of having my client -- have the Court
17   sever the counts that my client is prepared to plead to.
18   I exposes him to about 240 years in prison which gives
19   the Court an awfully great range.  There is a mandatory
20   minimum of five years on one of those counts.
21           And if and when the defendant was -- and hold
22   the remaining counts in abeyance and following my
23   client's plea and his sentencing, the other counts would
24   be out there and if the government thought it was
25   necessary, I am sure that we could have a trial on the

**Proceedings**

balance of the counts. I thought it was a --

THE COURT: It sounds reasonable to me.

MR. FODEMAN: Yes, I am not sure there's anything that I can do to solve it though. He's offering to plead guilty to certain counts in the indictment. I'm not sure that's a basis for the Court not to accept that guilty plea. I think that those -- his allocution -- the allocutions for those counts though, I would think would be admissible against him should the government ever go to trial against the remaining counts. He's offering to plead guilty to the substantive counts and --

THE COURT: I assume that that would be subject to other rules like, you know, whether they were otherwise relevant, admissible and, you know, all of the other balancing factors.

MR. FODEMAN: Sure, Judge. But it's something that I am sure Ms. Kellman will discuss with her client, the risk of going forward under this proposed course.

THE COURT: I don't know why you should object to it.

MR. FODEMAN: Yes.

THE COURT: No, I don't know why you should -- why that isn't a satisfactory disposition in total and why you should hold anything open. I don't know what's wrong with this as a disposition but that's your

**Proceedings**

business.  I don't get involved in that.

MR. FODEMAN:  Well --

MS. KELLMAN:  That's why I wrote it because I didn't want the Court to be involved in it.  That would be inappropriate.

THE COURT:  Well I don't need his permission to do what you want.

MR. FODEMAN:  Right.

MS. KELLMAN:  I thought that.

THE COURT:  All I am suggesting is that, you know, it sounds reasonable in general.  We're not talking about what sentence should be imposed.

MS. KELLMAN:  And I have explained to my client, your Honor, that whether he pleads to the one count conspiracy which the government has encouraged us to do or pleads to these eleven counts, his exposure is extraordinary and that in a Fatico hearing --

THE COURT:  Well, what is the government's -- what are you holding out for?  I am just curious.

MR. FODEMAN:  Well the --

MS. KELLMAN:  More than 240 years apparently.

MR. FODEMAN:  There is a statutory minimum sentence --

THE COURT:  They don't trust me.

MS. KELLMAN:  They don't trust you.  That is

1  what it is about.
2          MR. FODEMAN: I didn't want to say it exactly
3  that way, Judge.
4          MS. KELLMAN: But that's why I wrote it that
5  way, Judge. That is clearly what's -- they don't think
6  that you're capable of 240 years.
7          MR. FODEMAN: Well, that may have something to
8  -- no, I -- I will leave it at that.
9          THE COURT: Well go ahead. If you want to
10 schedule the plea, go ahead. Then we'll sever the -- we
11 won't go to trial and we'll sever the counts.
12         MR. FODEMAN: Just, you don't think that -- I
13 am addressing counsel, but are other concern and I don't
14 think this is actually -- it bears out but there is no
15 way that the defense is going to claim that we're barred
16 by some sort of double jeopardy because he's plead to
17 those counts.
18         MS. KELLMAN: I haven't given it any thought
19 but frankly, I can't imagine how that would --
20         MR. FODEMAN: I don't think so.
21         MS. KELLMAN: This is just what it is. He
22 wants these counts severed so he can plead to them
23 because he wants to plead guilty to the things he did
24 wrong. That's what he has been telling me since the day
25 I met him and that's not been acceptable to the

**Proceedings**

1  government and it appears to be acceptable to the Court
2  in which case I moved for the severance.  He's told me
3  he's prepared to plead.
4              MR. FODEMAN:  Very good.
5              THE COURT:  All right, so --
6              MS. KELLMAN:  And will there be a force order?
7              MR. FODEMAN:  Yes.  Should I prepare a force
8  order, Judge?
9              THE COURT:  What is a force order?
10             MS. KELLMAN:  It makes him come.
11             MR. FODEMAN:  The --
12             THE COURT:  Well, in that case --
13             MR. FODEMAN:  There's more encouragement than
14 if you want to --
15             THE COURT:  He can't plead from the jail
16 unfortunately, so I assume you will be able to discuss
17 with him that -- if he wants to do this, he should show
18 up here.  Why don't you check?  If we can avoid a force
19 order --
20             MS. KELLMAN:  Because I am going to be out of
21 town, Judge, and I am coming back just in time to handle
22 this.
23             THE COURT:  Well, you want me to -- I will do a
24 force order.
25             MR. FODEMAN:  And the other alternative would

## Proceedings

be to give him one more chance and if that doesn't work we could do a force order for later in the week.

MS. KELLMAN: I mean, I could probably talk to his family but it's impossible for me to see him before Tuesday.

MR. FODEMAN: I mean, frequently what happens -- I've had this situation before when the prison personnel show up at the cell door with a force order, there's usually not the need for force. I don't know.

MS. KELLMAN: They realize they have to go.

MR. FODEMAN: They go quietly, Judge.

MS. KELLMAN: He's a lot like me. He's extremely argumentative.

THE COURT: We'll have Harry execute the force order. That will insure he comes.

MR. BATCHELDER: You're so cruel.

THE COURT: Okay. So we'll do that. Please submit the force order.

MR. FODEMAN: I will and under the circumstances, we would ask that time be excluded.

THE COURT: Yes, obviously.

MR. BATCHELDER: And on the Tuesday you will probably be here also --

THE COURT: All right. The time is excluded with respect to --

**Proceedings**

1         MR. BATCHELDER: -- for Mr. Moore, so I am
2 going to visit with him --
3         THE COURT: Well, you will arrange for the
4 magistrate to take the plea. I don't have to take the
5 plea in this case, unless you insist but I don't see that
6 I have to take the plea.
7         MR. BATCHELDER: But I have to appear before
8 you.
9         THE COURT: On what?
10        MR. BATCHELDER: I have the other defendant.
11        THE COURT: Oh, okay.
12        MR. BATCHELDER: Mr. Moore --
13        THE COURT: Oh, he is the one who is sick.
14        MR. BATCHELDER: -- who has always asked for a
15 speedy trial. Now there's no reason not to do it.
16        THE COURT: No, there's no reason not to do it.
17        MR. BATCHELDER: It looks like everybody is
18 going to be out of the case but him.
19        THE COURT: That's right.
20        MR. BATCHELDER: And I am going to convey that
21 to him. Could I please, your Honor, at CJA expense, have
22 a copy of these proceedings, so I can send it to him?
23        THE COURT: What happened here that effected
24 him?
25        MR. BATCHELDER: The whole idea of his

1  co-defendant pleading guilty.

2  THE COURT: Oh, okay.

3  MR. BATCHELDER: -- it may or may not have an

4  effect.

5  THE COURT: Okay. Order the minutes.

6  MR. BATCHELDER: Thank you.

7  (Counsel and clerk confer)

8  THE COURT: With respect to the defendant

9  Richardson, the time is excluded because he is going to

10 plead. The purpose of the delay is to proceedings to

11 culminate in the disposition of the case without the

12 necessity for trial. I find the considerations

13 underlying the Speedy Trial Act are outweighed by the

14 interest of justice. The delay is excludable with

15 respect to Mr. Batchelder's client because his client is

16 not here because of illness.

17 THE CLERK: Judge, I have spoken with counsel

18 regarding the last defendant, Demiya Rountree and

19 apparently there is some further discovery that needs to

20 be provided that may very well be dispositive of the

21 case. A month, actually -- I think that's fine.

22 THE COURT: Okay.

23 THE CLERK: So, August 15.

24 THE COURT: Okay. Because the purpose of the

25 delay still allows discussions to go forward that could

**Proceedings**

resolve in the disposition of the case without the necessity for a trial, I find the considerations underlying the Speedy Trial Act are outweighed by the interest of justice and that the delay is excludable.

    MS. KELLMAN: Thank you, Judge.

    MR. FODEMAN: Thank you, Judge.

    MR. McINTYRE: Thank you.

    MR. BATCHELDER: Thank you.

    THE CLERK: Counsel, do you want it on daily?

    MR. BATCHELDER: Daily is pretty expensive.

    THE CLERK: It's a short transcript.

    THE COURT: It doesn't matter. It's so short, the transcript --

    MS. KELLMAN: And I was just wondering, can I also get a copy and then I can share it with my client as quickly as possible.

    THE COURT: Yes.

    (Matter concluded)

       -oOo-

# C E R T I F I C A T E

I, ROSALIE LOMBARDI, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **11th** day of **July**, 2008.


Rosalie Lombardi
Transcription Plus II